**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **DAVID TODD,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:12-cv-1042-PMW** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is David Todd's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

## BACKGROUND

Plaintiff alleges disability due to his physical impairments.  On July 16, 2008, Plaintiff applied for DIB, alleging disability beginning on November 11, 2005.[2]  Plaintiff's application was denied initially and upon reconsideration.[3]  On January 8, 2009, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on February 4, 2010.[5] On May 24, 2010, the ALJ issued a written decision denying Plaintiff's claim for DIB.[6]  On October 5, 2012, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On November 8, 2012, Plaintiff filed his complaint in this case, which was assigned preliminarily to Magistrate Judge Paul M. Warner.[8]  The Commissioner filed her answer on January 17, 2013.[9]

On January 29, 2013, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United

---

[2] *See* docket no. 10, Administrative Record ("Tr. _____") 137-143.

[3] *See* Tr. 54-55.

[4] *See* Tr. 69.

[5] *See* Tr. 28-53.

[6] *See* Tr. 10-27.

[7] *See* Tr. 1-6.

[8] *See* docket no. 2.

[9] *See* docket no. 6.

States Court of Appeals for the Tenth Circuit.[10]  Consequently, the case was assigned

permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the

Federal Rules of Civil Procedure.[11]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed his opening brief on March 1, 2013.[12]  The Commissioner filed her answer

brief on May 10, 2013.[13]  Plaintiff filed his reply brief on May 24, 2013.[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual

findings are supported by substantial evidence in the record and whether the correct legal

standards were applied."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and

citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  It requires more than a

scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

"In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute

[its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006)

(quotations and citation omitted).  "The failure to apply the correct legal standard or to provide

this court with a sufficient basis to determine that appropriate legal principles have been

---

[10] *See* docket no. 14.

[11] *See id*.

[12] *See* docket no. 16.

[13] *See* docket no. 22.

[14] *See* docket no. 23.

followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not

4

disabled." *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his

previous work, he "has met his burden of proof, establishing a prima facie case of disability."  *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."  *Id*.  At

this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work

in the national economy in view of his age, education, and work experience."  *Id*.; *see* 20 C.F.R.

§ 404.1520(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other

work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled.  If, on the other hand, it is determined

that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to

benefits.

<u>**ANALYSIS**</u>

In support of his claim that the Commissioner's decision should be reversed, Plaintiff

presents several arguments.  Plaintiff first argues that the ALJ erred in his analysis of whether

Plaintiff's knee impairments meet or equal section 1.03 of Appendix 1 of the relevant regulations

(individually, a "listing" and collectively, the "listings").  *See* 20 C.F.R. § 404, Subpart P,

Appendix 1, listing 1.03.  That argument is dispositive of Plaintiff's appeal because it mandates

reversal.  Accordingly, the court will address only that argument here and "will not reach the

remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this

case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v.*

*Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not

reach the remainder of [the plaintiff's] claims on appeal . . . .").

As indicated above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii).  At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).  In order to satisfy this burden, a claimant must establish that his impairment "meet[s] all of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085; *see also* 20 C.F.R. § 404.1525.

When considering whether Plaintiff's knee impairments meet or equal listing 1.03, the ALJ was required to determine if Plaintiff had "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in [listing] 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.03.  As noted in listing 1.03, listing 1.00B2b defines the "inability to ambulate effectively." *Id*.  In relevant part, listing 1.00B2b provides:

> (1)  Definition.  Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation

> without the use of a hand-held assistive device(s) that limits the
> functioning of both upper extremities. . . .
>
> (2)  To ambulate effectively, individuals must be capable of
> sustaining a reasonable walking pace over a sufficient distance to
> be able to carry out activities of daily living.  They must have the
> ability to travel without companion assistance to and from a place
> of employment or school.  Therefore, examples of ineffective
> ambulation include, but are not limited to, the inability to walk
> without the use of a walker, two crutches or two canes, *the
> inability to walk a block at a reasonable pace on rough or uneven
> surfaces*, the inability to use standard public transportation, the
> inability to carry out routine ambulatory activities, such as
> shopping and banking, and the inability to climb a few steps at a
> reasonable pace with the use of a single hand rail. . . .

*Id*. at listing 1.00B2b(1)-(2) (emphasis added).

In this case, when evaluating whether Plaintiff's impairments meet or equal listing 1.03,

the ALJ stated, in relevant part:  "[I]n July of 2008, Dr. Branovacki opined that for 2-3 years,

[Plaintiff] had been unable to walk on uneven surfaces, but he did not opine that [Plaintiff] had

been unable to ambulate at all or only minimally."[15]  The ALJ went on to conclude that

Plaintiff's impairments did not meet or equal listing 1.03.[16]

For the following reasons, the ALJ erred in reaching that conclusion.  First, the ALJ relied

favorably upon the cited portion of Dr. Branovacki's opinion, which contains the precise

example of the inability to ambulate effectively emphasized above.  *See id*.  Second, contrary to

the Commissioner's argument that there is no indication that Plaintiff's inability to ambulate

effectively lasted for the requisite 12 months under listing 1.03, *see id*. at listing 1.03, the ALJ

favorably relied upon Dr. Branovacki's opinion that Plaintiff could not walk on uneven surfaces

---

[15] Tr. 18.

[16] *See id*.

7

for 2-3 years.  Finally, the ALJ engaged in an analysis of whether Plaintiff "had been unable to ambulate at all or only minimally,"[17] which is not contemplated under listing 1.03.  Instead, the ALJ should have engaged in the analysis specifically set forth in listing 1.03, which is whether Plaintiff has the "inability to ambulate effectively, as defined in [listing] 1.00B2b." *Id*.  Notably, the ALJ makes no reference at all to the definition set forth in listing 1.00B2b.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that the ALJ erred in his analysis of whether Plaintiff's knee impairments meet or equal listing 1.03.  Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

DATED this 3rd day of March, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[17] *Id*.

8